George **WOODS**, alias George Nadler,
Petitioner-Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 71–1421.

United States Court of Appeals,
Seventh Circuit.

March 21, 1972.

Jack B. Burstein, Vallejo, Cal., Smith & Burstein, Vallejo, Cal., for petitioner-appellant.

Henry A. Schwarz, U. S. Atty., Eugene B. Culberson, Asst. U. S. Atty., East St. Louis, Ill., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, SPRECHER, Circuit Judge, and ESCHBACH *, District Judge.

PER CURIAM.

On September 21, 1970, petitioner filed a petition for Writ of Coram Nobis [1] seeking to have declared void a felony conviction which was adjudged against him nearly forty years ago on April 23, 1932.

The judgment of conviction here at issue was entered after a plea of guilty by defendant in the United States District Court for the Eastern District of Illinois. The petition herein alleges that Woods was not, on that occasion, accorded counsel, and that he did not intelligently or otherwise waive that right. [2]

---

* District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

1. The Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1953) held to the effect that where it is impossible to deduce from the record whether counsel was properly waived, where no other remedy is available, and where sound reasons exist for failure to seek appropriate earlier relief, a motion in the nature of writ of coram nobis must be heard by the federal trial court. Issuance of such a writ by a Federal District Court is authorized by the All-Writs Section, 28 U.S.C. § 1651(a).

2. The petition provides in pertinent part: " . . . II. That said petition is filed on the grounds that Petitioner was not accorded assistance of counsel, and did not waive his right to such assistance and was not advised of such right. . . . IV. (e) Petitioner at no time consulted with an attorney regarding the charges,

It is averred by the petitioner that he first became aware of his right to counsel on May 18, 1970 when he was arrested in California for failing to disclose the 1932 felony conviction when he was purchasing a firearm in violation of 18 U.S.C. § 922(a) (6).

The issue before us is whether the motion to dismiss herein may be properly granted without an evidentiary hearing.

We think a very recent decision of this Court [3] is controlling. Therein, defendant Lufman had been convicted of a felony in 1938 and was appealing before us from a subsequent conviction for possessing a firearm while a convicted felon in violation of 18 U.S.C. App. Sec. 1202(a). The docket entries of the 1938 conviction in *Lufman, supra*, were silent with respect to whether the defendant was represented by counsel although an affidavit was submitted stating he had not been advised of his right to counsel and was not represented by counsel.

Petitioner Woods, in the case at bar, submitted a minute order of his 1932 conviction which also was silent regarding advice on his right to counsel and whether he was represented during the 1932 proceedings.

In *Lufman, supra*, we believe the points of law noted in footnote 2 are controlling herein. We noted in *Lufman*:

" . . . Once a defendant raises the constitutional invalidity of a prior conviction, the government has the heavy burden of proving absence of a constitutional defect or waiver of rights. United States v. Du Shane, 435 F.2d 187, 189–190 (2 Cir., 1970). When the record of a prior conviction is silent as to the presence of counsel, it is presumed that the Sixth Amendment rights of the defendant have been violated. The government must affirmatively prove otherwise. Carn-

ley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Burgett v. Texas, 389 U.S. 109, 114, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Oswald v. Crouse, 420 F.2d 373 (10 Cir. 1969); Losieau v. Sigler, 406 F. 2d 795 (8 Cir. 1969)."

We are of the opinion that considering the foregoing authority, the motion to dismiss was improperly granted the respondent. An evidentiary hearing in this case should have been held.

The decision of the District Court granting the Government's motion to dismiss must be and is reversed and remanded for an evidentiary hearing not inconsistent with this opinion.

Reversed and remanded.

---

and was never advised of his rights to counsel nor was the question asked of him whether he desired counsel or whether he wished to waive counsel."

3. United States v. Lufman, 457 F.2d 165 (7 Cir., 1972).