William A. MITCHELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-3661.

United States Court of Appeals, Fifth Circuit.

Aug. 16, 1973.

Rehearing and Rehearing En Banc Denied Nov. 1, 1973.

William Mitchell, Paul L. Cummings, Pensacola, Fla., Court-appointed, for petitioner-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., for respondent-appellee.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Mitchell appeals from the district court's denial of his 28 U.S.C.A. § 2255 motion for vacation of sentence, 350 F. Supp. 366, in which he contended that in sentencing him originally the court had improperly taken into account prior convictions which were invalid under Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. We vacate the

denial of his motion and remand with directions.

■ On June 14, 1971 Mitchell pleaded guilty to concealing an escaped prisoner in violation of 18 U.S.C.A. § 1072 and was sentenced to a three-year term of imprisonment, the statutory maximum authorized for that offense. In determining the sentence the district court considered[1] three prior convictions of appellant: a 1955 Florida state conviction for breaking and entering, a 1956 federal conviction in North Carolina for interstate transportation of a stolen motor vehicle, and a 1958 Florida state conviction for unlawfully escaping from prison. At the hearing on his subsequent § 2255 motion to vacate the sentence below appellant sought to establish that he had been denied his Sixth Amendment rights to counsel in each of the three prior cases and argued that he was entitled to relief under the recent case of Tucker v. United States, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592.

■ Tucker, also a § 2255 case, applied to the sentencing stage of a criminal prosecution the principle established in Burgett v. Texas, 1967, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 that "a conviction obtained in violation of Gideon v. Wainwright [may not] be used against a person either to support guilt or to enhance punishment for another offense." Tucker had been convicted of armed bank robbery and sentenced to twenty-five years' imprisonment, the maximum term authorized for the offense. In determining his sentence the district court had considered three prior felony convictions, two in Florida and one in Louisiana. Several years after sentencing for the bank robbery conviction, the Superior Court of Alameda County, California had determined in a collateral proceeding that one of the prior Florida convictions and the prior Louisiana conviction were invalid because Tucker had not been accorded his Sixth Amendment rights to counsel in those two prosecutions. Tucker attacked his bank robbery sentence in a § 2255 motion, arguing that the sentencing judge's consideration of constitutionally invalid convictions in arriving at his sentence rendered it invalid. The district court denied the motion originally, 299 F.Supp. 1376, but the Court of Appeals for the Ninth Circuit agreed with Tucker and remanded for resentencing "without consideration of any prior convictions which are invalid under Gideon v. Wainwright." 431 F.2d 1292. The Supreme Court affirmed. It viewed the critical issue as "whether the sentence in the 1953 [bank robbery] case might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained." United States v. Tucker, supra, 404 U.S. at 448, 92 S.Ct. at 592. In answering in the affirmative, it reasoned that "if the trial judge [in the bank robbery case] in 1953 had been aware of the constitutional infirmity of two of the previous convictions, the circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding." Id. A showing of such constitutional infirmity fatally weakens for purposes of sentencing the reliability of a purported determination of guilt beyond a reasonable doubt, for denial of appellant's right to counsel

[1]. Following the hearing on the § 2255 motion below the district court wrote in its Memorandum Decision, "The court considered, on sentencing, the three convictions but cannot state with certainty whether or not they enhanced the sentence and so makes no determination respecting such." To prevail below Mitchell was not required to secure an affirmative finding that reliance on prior invalid convictions *enhanced* his sentence. He needed only to show that the sentencing judge *considered* constitutionally invalid convictions, so that the sentence was imposed not "in the informed discretion of a trial judge, but [was] founded at least in part upon misinformation of constitutional magnitude." United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592.

substantially affects the integrity of the fact-finding process at a trial as well as the reliability of a conviction upon a plea of guilty. *See* Linkletter v. Walker, 1965, 381 U.S. 618, 639, 85 S.Ct. 1731, 1743 n. 20, 14 L.Ed.2d 601; Rice v. Olson, 1945, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.

Appellant Mitchell contended below, as he does on this appeal, that the *Tucker* holding is directly applicable to his case. The district court rejected this contention after an evidentiary hearing on three distinct grounds, each one of which appellant contests and the Government defends. The three grounds were: (1) that Mitchell had waived his right to attack the prior convictions by admitting the correctness of his criminal record as it was presented to the district court at the time of sentencing in 1971; (2) that the *Gideon*-based attack on the prior convictions must be made initially in the federal court or in the courts of the state where the prior convictions were obtained; and (3) that the evidence at the § 2255 hearing was "clearly insufficient to establish conclusively the invalidity of the prior convictions."

## I. Waiver

While it is true that a defendant may lose his right to file a § 2255 motion on a given ground by consciously and deliberately electing not to raise. that ground at the time of conviction or on direct appeal, see Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Brown v. Allen, 1952, 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469; Brown v. United States, 5th Cir. 1973, 480 F.2d 1036; Larson v. United States, 5th Cir. 1960, 275 F.2d 673, we cannot agree with the district court that Mitchell waived his right to attack the validity of the prior convictions in this case. We note first that by admitting the correctness of his criminal record at the time of sentencing Mitchell did not admit that he was in fact guilty of the three prior offenses charged, but only confirmed through his counsel that the record of convictions and prison discipli-

nary proceedings presented to the court was substantially correct. Neither Mitchell's statements nor those of his attorney at sentencing can fairly be construed as more than admissions that Mitchell had been previously convicted of three crimes, as reflected on his record. They were not admissions of guilt and did not constitute an express waiver of the right to attack the constitutional validity of the prior convictions. Further, the record does not suggest, nor can we imagine, any tactical or strategical reason for deliberately failing to challenge the prior conviction at sentencing. Of importance in determining whether a waiver or intentional by-pass may be inferred from the record is the fact that United States v. Tucker, *supra*, the case on which Mitchell's § 2255 motion is primarily based, had not been decided at the time of his sentencing; it was decided six months later. While Mitchell's pre-1971 litigation in Florida courts in pursuit of post-conviction remedies shows that he was aware of the possibility of challenging the prior convictions on Sixth Amendment right-to-counsel grounds before he was sentenced in 1971, the significance of such a challenge for the sentence Mitchell then faced was not entirely clear before *Tucker* was decided. Under these circumstances, we hold the record fails to demonstrate a clear waiver, express or implied, or an intentional by-passing of an opportunity to assert a known right. Thus, appellant's § 2255 attack on the prior convictions was not barred by waiver.

## II. Exhaustion

The district court's second basis for denying Mitchell's motion to vacate sentence was that Mitchell had not travelled all available avenues of attack on the three prior convictions in the courts where they were entered. Under this view, in order to mount a successful *Tucker* attack on the 1971 sentence, appellant was obliged first to exhaust the Florida state remedies still available to attack the two Florida convictions and

to return to the North Carolina federal court to attempt to have the 1956 federal conviction there adjudicated invalid.[2] Thus, the district court fashioned a rule analogous to the exhaustion-of-state-remedies doctrine which normally applies to direct habeas corpus challenges to state convictions and to the parallel rule that a habeas attack on a federal conviction must normally be preceeded by a § 2255 motion in the court of conviction.

We do not agree that any such exhaustion requirement applies when the conviction whose validity is at issue is a *prior* one, not the very conviction which authorized the sentence sought to be vacated in the § 2255 motion. The *Tucker* opinion itself contains no requirement that a defendant return to the court or state of a prior conviction to secure a ruling of invalidity to support his § 2255 motion nor any hint that Tucker had exhausted Louisiana and Florida procedures for attacking any of the three convictions challenged in that case.[3] In *Tucker* the movant had secured an adjudication in a California court that a prior Louisiana conviction and a prior Florida conviction were invalid, and this ruling, which was not contested by the Government, was considered adequate to support the motion. The constitutional validity of Tucker's third conviction had not been determined before he filed his § 2255 motion. Since the Supreme Court affirmed the Ninth Circuit's order remanding the case for resentencing "without consideration of any prior convictions which are invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799," and did not suggest that the determination of the third conviction's validity should be made in a state court before resentencing, it seems apparent that the determination was to be made in the district court.

That a federal court may determine the constitutional validity under Gideon v. Wainwright of a prior conviction without requiring initial resort to the federal or state court of conviction is not a novel proposition. In United States v. Martinez, 7th Cir. 1969, 413 F.2d 61, the Seventh Circuit held that when a prior conviction presented by the prosecution to the trial court to enhance a defendant's sentence was challenged as constitutionally invalid, the court had both the power and the duty to ascertain the prior conviction's validity without first requiring the defendant's return to the court of the prior conviction. In United States v. Thoresen, 9th Cir. 1970, 428 F.2d 654 the Ninth Circuit approved the *Martinez* procedure and held that when a prior state conviction introduced as an element of the crime in a federal case was attacked as invalid on Sixth, Fifth, and Fourteenth Amendment grounds, the district court should determine the validity of the prior state conviction. *See also* Craig v. Beto, 5th Cir. 1972, 458 F.2d 1131; United States v. Lufman, 7th Cir. 1972, 457 F.2d 165; Williams v. Coiner, 4th Cir. 1968, 392 F.2d 210, 212–213.

A requirement of exhaustion of collateral attack remedies in the state and federal courts where prior convictions were obtained would erect an insuperable barrier to effective implementation of the *Tucker* rule. *See* United States v. Martinez, *supra*, (Kerner, J. concurring). The instant case is illustrative. In order to press his collateral attack under § 2255, the indigent, incarcerated appellant would be required first to undertake three other collateral attacks on prior convictions in other forums. The number of proceedings, the problems

---

2. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and Frizzell v. State, Fla.1970, 238 So.2d 67 (*semble*) permit a defendant threatened with an enhanced sentence as a multiple offender to collaterally attack a prior conviction in the court where it was obtained even after the sentence resulting from it has been fully served.

3. The lower court opinions are likewise devoid of any suggestion that Tucker exhausted state remedies. *See* Tucker v. United States, N.D.Cal.1969, 299 F.Supp. 1376, rev'd 9th Cir. 1970, 431 F.2d 1292.

surrounding appointment of counsel for each of them, and the expenses involved would be multiplied many times. A ruling on the § 2255 motion would be long delayed. The chances that appellant would ultimately succeed in the § 2255 proceeding, even if his claim is meritorious, would as a practical matter be greatly diminished. Exhaustion of the movant, rather than exhaustion of other collateral attack possibilities, would be the likely result. We do not believe *Tucker* contemplated or is consistent with the creation of this type of procedural obstacle course.

■ According, we hold that no exhaustion requirement applies to a collateral attack on prior convictions, as distinguished from the conviction which authorized the sentence sought to be vacated, in a § 2255 proceeding.

### III. Burden of Proof and Standard of Proof

■ The Sixth Amendment principles upon which validity of Mitchell's prior convictions depends are clear. The convictions are valid only if appellant was represented by counsel or competently waived his right to such representation. *See* Argesinger v. Hamlin, 1972, 407 U. S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530;

Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461. The district court's third ground for denying the § 2255 motion below was that Mitchell failed "to establish conclusively the invalidity of these prior convictions." [4] This determination raises two issues: (1) who has the burden of proof at a § 2255 proceeding in the contest over the constitutional validity of the prior convictions and (2) what standard of proof must that party meet.

■ ■ Before proceeding to the central burden of proof issue presented, we pause to comment on the question of appellant's indigency. Virtually all right-to-counsel cases concern the rights of indigent defendants to appointment of counsel, not the rights of non-indigent defendants to retain counsel. Indigency of the defendant determines his right to appointment of counsel and thus bears importantly on the nature of the Sixth Amendment right he must understand and knowingly waive if he is not represented. The indigency of the defendant is frequently an undisputed, and sometimes an unarticulated, premise under which the courts review right-to-counsel

---

4. The court summarized the evidence bearing on the validity of the three prior convictions under the Sixth Amendment as follows:

The certified copy of the docket sheet in the federal case in North Carolina contains the entry: "Each Deft. waives appointment of attorney by the court," which indicates petitioner was offered court-appointed counsel. At hearing, petitioner claimed that, if he had been offered counsel, he did not knowingly and intelligently waive counsel. The only reasons he gives in support, however, are that he "didn't realize the value of an attorney" and that he was "sure the court wasn't correct in the procedure they took in letting me waive counsel."

The certified copy of the proceeding in the Circuit Court in Bay County, Florida in 1958 indicates that petitioner was asked if "he desired the services of an attorney" but that he stated "he did not want a lawyer." Petitioner stated

at hearing that he was not advised that he had a right to court-appointed counsel if he could not afford to hire an attorney and the reason he said he didn't want counsel was because he had no money to hire an attorney. Since this took place before the *Gideon* decision, it may be petitioner was not advised of any right to court-appointed counsel, but that is not here established.

The certified copy of the record of the proceedings in 1955 in the Court of Record of Escambia County, Florida shows that petitioner was not represented by counsel and there is not evidence that petitioner was questioned or advised concerning counsel. Petitioner testified he wanted an attorney but could not afford to hire one and that he did not ask the court for appointed counsel in either that case or the Bay County case because, under the law of Florida at that time, he knew none would be appointed. But no further evidence was presented.

cases. When this premise is contested, however, it is clear that the party collaterally attacking a conviction has the burden of proving his indigency during the relevant period. Kitchens v. Smith, 1971, 401 U.S. 847, 91 S.Ct. 1089, 28 L. Ed.2d 519; *accord* Goodwin v. Smith, 5th Cir. 1971, 439 F.2d 1180. Generally, when the collateral attacker alleges and testifies that he was indigent at the time of the challenged prosecution and the state offers no controverting evidence, he should be deemed to have carried his burden of proof as to indigency. *See* Kitchens v. Smith, *supra*. At the hearing below in the instant case, appellant testified that he was financially unable to retain counsel at the relevant times, and the state has not contested this contention. The district court apparently assumed appellant's indigency in its opinion, and we shall assume it in the remainder of this opinion. On remand, however, the district court should make a specific finding on the question of appellant's indigency at the times of the three prior convictions. Goodwin v. Smith, *supra*.

The burden of proof issue presented is an important one requiring a resolution of an apparent conflict between the presumption against waiver and the presumption in favor of the validity of a conviction when collaterally attacked.[5]

In Johnson v. Zerbst, 1938, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461, the Supreme Court originally accorded greater weight to the presumption in favor of a conviction's validity and placed on the party seeking to collaterally attack the conviction the burden of showing both that he did not have counsel and that he did not validly waive his Sixth Amendment right.

> It must be remembered . . . that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of the evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ.

*See also* Moore v. Michigan, 1957, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167. The past decade has witnessed a strengthening of the presumption against waiver of the right to counsel and a corresponding modification of the Johnson v. Zerbst burden of proof rule.

5. In treating the burden of proof question the cases make no distinction between various types of collateral attacks, such as § 2255 motions, applications for writs of habeas corpus, *coram nobis* proceedings, or attacks on prior convictions in a collateral proceeding arising from a subsequent prosecution. As examples, compare Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (federal habeas corpus attack on state conviction: where record showed petitioner was not represented by counsel at trial, state had burden at habeas corpus hearing of proving waiver); Losieau v. Sigler, 8th Cir. 1969, 406 F.2d 795, cert. denied 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (federal habeas corpus attack on state conviction as habitual offender: where record silent as to representation by counsel at prior convictions, state had burden at habeas proceeding of proving representation or waiver); and Woods v. United States, 7th Cir. 1972, 457 F.2d 185 (*coram nobis* attack on federal conviction for unlawfully purchasing a firearm as a felon: where record silent as to presence of counsel at prior conviction, Government has burden at *coram nobis* proceeding of proving defendant's Sixth Amendment rights were not violated). Likewise, in this opinion we make no such distinctions, since we discern no reasonable basis for doing so.

In Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, a habeas corpus challenge to the validity of a state conviction, the Court held:

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offerred counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

In Burgett v. Texas, *supra*, the Court reviewed on certiorari a Texas state conviction obtained after a trial in which certain prior convictions were placed before the jury. The *Burgett* court reaffirmed the proposition that the validity of the prior convictions under the Sixth Amendment could not be presumed from a silent record and held a prior conviction to be presumptively void when the record failed to indicate that the petitioner had been represented by counsel at the prior trial or that he had waived his right to appointed counsel.

■ The rule which has evolved is that when a convicted defendant who was indigent at the time of his conviction collaterally attacks the conviction on right-to-counsel grounds, and the record shows that he was not represented by counsel or is silent regarding representation of counsel, then the party which defends the conviction has the burden of proving that the defendant was represented by counsel or that he waived his right to counsel. Carnley v. Cochran, *supra*; Woods v. United States, 7th Cir.

1972, 457 F.2d 185; United States v. Lufman, 7th Cir. 1972, 457 F.2d 165, 166 n. 2; Goodwin v. Smith, 5th Cir. 1971, 439 F.2d 1180; United States v. DuShane, 2nd Cir. 1970, 435 F.2d 187, 189–190; Losieau v. Sigler, 8th Cir. 1969, 406 F.2d 795, cert. denied 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452; Wilson v. Coiner, 4th Cir. 1968, 392 F.2d 210, 212–213; Palmentere v. United States, W.D.Mo.1972, 351 F.Supp. 167; *see* Craig v. Beto, 5th Cir., 1972, 458 F.2d 1131; United States v. Wendt, N.D. Ga.1972, 347 F.Supp. 647. Conversely, if the record of the conviction under collateral attack shows that the defendant was represented by counsel, the convicted defendant has the burden of impeaching the record. Oswald v. Crouse, 10th Cir. 1969, 420 F.2d 373; Losieau v. Sigler, *supra*; Wilson v. Wiman, 6th Cir. 1967, 386 F.2d 968, cert. denied 390 U.S. 1042, 88 S.Ct. 1634, 20 L.Ed.2d 303.

■ ■ Since the records of the three prior convictions in this case show that appellant was not represented by counsel when he pleaded guilty to the three prior charges, the Government must carry the burden of proving a valid waiver of the right-to-counsel in each prior case which has been challenged if it is to be considered in sentencing. Since the district judge erroneously placed the burden on the waiver issue on appellant rather than on the Government, its fact findings on this issue cannot stand, and the evidence must be re-evaluated on remand in light of the proper burden of proof rule.[6]

---

6. This court has previously expressed awareness of the evidentiary problems surrounding proving waiver or lack of waiver of the right to counsel in an old prosecution. Goodwin v. Smith, 5th Cir. 1971, 439 F.2d 1180. Necessarily, the courts must rely heavily on the records made of a prior conviction in ascertaining the circumstances under which it was obtained and must take into account the usual practices which prevailed at the time and place of the conviction. Of course, where witnesses are available who have first-hand recollection of the factual matters in dispute, their testimony may be quite valuable.

We note that the docket sheet in the 1956 federal case contains the notation, "Each Deft. waives appointment of attorney by the court." On remand the district court should evaluate this notation in light of Craig v. Beto, 5th Cir. 1973, 458 F.2d 1131.

■ The district court's opinion below indicates that it imposed on appellant the burden of "conclusively" establishing his case. As indicated above, the burden of proof should have been imposed on the Government. Further, we do not believe the elevated "conclusive" standard of proof was the proper one. Johnson v. Zerbst, *supra*, 304 U.S. at 469, 58 S.Ct. at 1025, 82 L.Ed. 1461 established the preponderance-of-the-evidence standard as applicable to right-to-counsel questions at habeas corpus proceedings, and we have found no case suggesting a modification of this standard. On remand the district court should therefore weigh the evidence under the preponderance standard.

IV. Proceedings on Remand

The district court should on remand determine the validity or invalidity of each of the three challenged prior convictions in accordance with the principles stated in this opinion, and if it determines one or more of them to be invalid, it should resentence appellant without considering the invalid conviction or convictions.

■ We do not suggest any limitation on the exercise of the district court's discretion as to the duration of a new sentence, if resentencing should prove necessary, or any limitation on the matters the district court may consider in arriving at a new sentence, except that prior convictions invalid under Gideon v. Wainwright may not be considered. *Tucker* requires this exclusion. The traditional breadth of the district court's discretion to consider other matters and impose a sentence within statutory limits remains unchanged. *See* 2 C. Wright & A. Miller, Federal Practice and Procedure, § 526 (1969).

The judgment of the district court is vacated and the case is remanded with directions.