James Goff HAZELTINE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 73-2019

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1973.

Rehearing and Rehearing En Banc Denied Jan. 16, 1974.

---

3.  378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James Goff Hazeltine, pro se.

William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Hazeltine pled guilty to charges of various violations of 18 U.S.C. § 2312. On September 19, 1968, Hazeltine was sentenced by the district court with his attorney present.

Hazeltine contends before this court that his constitutional rights were violated at sentencing because the trial judge improperly considered certain prior convictions, those convictions being invalid under Gideon v. Wainwright, 373 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963).

This court has carefully considered the record of the proceedings below and finds Hazeltine's contentions to be almost identical to those considered by this court in the recent opinion of William A. Mitchell v. United States of America, 5 Cir., 482 F.2d 289, 1973. In Mitchell, this court remanded the case, saying:

> The district court should on remand determine the validity or invalidity of each of the three challenged prior convictions in accordance with the principles stated in this opinion, and if it

determines one or more of them to be invalid, it should resentence appellant without considering the invalid conviction or convictions.

> We do not suggest any limitation on the exercise of the district court's discretion as to the duration of a new sentence, if resentencing should prove necessary, or any limitation on the matters the district court may consider in arriving at a new sentence, except that prior convictions invalid under Gideon v. Wainwright may not be considered. Tucker requires this exclusion. The traditional breadth of the district court's discretion to consider other matters and impose a sentence within statutory limits remains unchanged. See 2 C. Wright & A. Miller, Federal Practice and Procedure, § 526 (1969).

This court then, following its opinion in Mitchell, vacates the judgment of the district court and remands this case for proceedings not inconsistent with this opinion.[1]

Remanded.

---

1. The principles for determining the validity or invalidity of challenged prior convictions are set out in this court's opinion in Mitchell and should be adhered to in this case.