**James W. WILSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74–1079.**

United States Court of Appeals, Sixth Circuit.

Oct. 10, 1974.

**60**

James W. Wilson, pro se.

George J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for respondent-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Petitioner-appellant perfected this appeal from an order of the district court denying relief under a motion filed pursuant to 28 U.S.C. § 2255. Petitioner-appellant alleges that four previous convictions considered by the district court in the determination of the 1967 sentence imposed following a plea of guilty and presently under attack were constitutionally invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963), because they were imposed in proceedings in which he was not represented by counsel, and argues that the present sentence therefore is invalid under United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1973). The district court, in denying the present motion, held *Tucker* to be without application because therein there had been a prior adjudication as to the constitutionality of the prior convictions, while herein no such adjudication has been made.

Two of the previous convictions which appellant contends were unconstitutional under *Gideon, supra,* were for Dyer Act violations and were entered in the United States District Court for the Eastern District of North Carolina in 1952 and in the United States District Court for the Northern District of Mississippi in 1960. However, in both instances the record clearly establishes that he made a knowing and intelligent waiver of the right to counsel, and a collateral attack on those convictions on that ground will not be entertained on the sole basis of an attempted refutation of the record by bare allegation. In reaching this conclusion we are not unmindful of such decisions as those in the Fifth Circuit in Craig v. Beto, 458 F.2d 1131 (1972), and Mitchell v. United States, 482 F.2d 289 (1973), holding that when a habeas corpus or Section 2255 petitioner challenges the constitutionality of a previous conviction, evidence of which has been received for impeachment or enhancement of sentence purposes, on Gideon v. Wainwright grounds, a burden of proving the participation of defense counsel or of intelligent waiver is imposed upon the prosecution. Instead, we prefer the logic of an earlier Fifth Circuit opinion which stated:

"The convictions mentioned have been of record for a number of years, yet the record before us does not disclose that any attack has ever been made upon those convictions. Except for the assertions of Loper the record fails to furnish any conclusive information as to the facts and circumstances surrounding his former convictions. So far as the record before us reveals, there are outstanding, unchallenged, state court convictions of felonies in the States of Mississippi and Tennessee. . . . [I]f the convictions possessed the infirmities which Loper claims, he has failed to make any effort to set them aside for over 30 years. No one else could have done so. Surely such an attack was available to him in view of the retroactive application of the *Gideon* decision which was decided over six years prior to the hearing under review." *Loper v. Beto, 440 F.2d 934, 937 (3 Cir. 1971).

* This quotation appears in footnote 6 to Justice Stewart's reversing opinion in Loper v. Beto, 405 U.S. 473, 479, 92 S.Ct. 1014, 1017, 31 L.Ed.2d 374 (1972), followed by this statement: "But despite these observations, the Court of Appeals . . . did not rest its

  The other two convictions which appellant contends were unconstitutional involved misdemeanor charges in Iowa four years prior to the imposition of the sentence here under attack. These convictions were for uttering worthless checks, and two 30-day jail sentences were imposed. We conclude that appellant's allegations with reference to these two convictions did not require the conducting of an evidentiary hearing in the district court and do not now require a modification of its judgment for two reasons. First, no such judicial determination establishing the invalidity of these convictions as had occurred in *Tucker, supra,* had been made, and appellant's contention that the burden of establishing the constitutionality of the convictions attempted to be attacked collaterally rests upon the appellee is specifically rejected. Second, speaking for the Court in *Tucker,* Mr. Justice Stewart observed, "The record in the present case makes evident that the sentencing judge gave specific consideration to the respondent's previous convictions before imposing sentence upon him," after commenting that the court of appeals had found "that there was 'a reasonable probability that the defective prior convictions may have led the trial court to impose a heavier prison sentence than it otherwise would have imposed.'" 404 U.S. at 445 and at 447, 92 S.Ct. at pp. 591–592. Not only does the record before us present no indication that the sentencing judge gave specific consideration to the misdemeanor convictions claimed to be invalid, it cannot be said that there is a "reasonable probability" that they may have caused the imposition of an increased sentence. Indeed, without relying thereon, we offer the observation that in imposing a sentence for bank robbery it seems unlikely that a sentencing judge would give serious

consideration to two four-year old convictions for misdemeanors and uttering worthless checks.

The judgment of the district court is affirmed.

decision on a finding that the petitioner had failed to meet his burden of proving the invalidity of the prior convictions. It reached the merits of the legal question involved, and we granted certiorari to review that decision. There is thus no basis in the record upon which we may either dismiss this case or affirm the decision below on the ground that the petitioner did not meet his burden of proving that the prior convictions were invalid."