502 F.2d 564
 Earl Edward GANDY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 74-2538 Summary Calendar.*
*Rule 18, 5 Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 11, 1974.
 
 Earl Edward Gandy, pro se.
 Waymon G. Sherrer, U.S. Atty., Melton L. Alexander, Asst. U.S. Atty., Birmingham, Ala., for respondent-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from an order of the district court denying the 2255 petition of a federal prisoner. We vacate and remand.
 
 
 2
 The appellant was convicted upon trial by jury of two counts of selling counterfeit Federal Reserve Notes, in violation of 18 U.S.C. 473. He was sentenced August 15, 1972, to five years under the first count and five years, subject to the provisions of 18 U.S.C. 4208(a)(2), under the second count, to run consecutively. On direct appeal the judgment was affirmed without opinion. United States v. Gandy, 5 Cir., 1973, 474 F.2d 1345.
 
 
 3
 In his 2255 motion appellant attacked the validity of his conviction on grounds, inter alia, that three prior uncounselled convictions were considered by the district court in assessing sentence, in violation of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The court held that this issue had been dicided adversely to appellant on direct appeal, whereas the issue presented in that appeal was the use of the prior uncounselled convictions to impeach appellant's credibility. Thus, the court below did not treat or decide the sole issue now presented for review.
 
 
 4
 The government has conceded that appellant was without counsel when convicted in Shelby County, Alabama, in 1948 and 1955 and Randolph County, Alabama, in 1949, and has filed a response suggesting remand. The record is silent as to the specific considerations of the sentencing judge. The district court's judgment is, therefore, vacated and remanded for a review of the circumstances and considerations which led the court to impose sentence. If it is determined that the sentence resulted from consideration of the prior uncounselled convictions, then the court must resentence appellant without consideration being given to the same. Mitchell v. United Staes, 5 Cir., 1973, 482 F.2d 289; Hazeltine v. United States, 5 Cir., 1973, 486 F.2d 219.
 
 
 5
 Vacated and remanded.