**Gregorio Espino URIBE,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 75–3786
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 2, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Gregorio Espino Uribe, pro se.

John Clark, U. S. Atty., San Antonio, Tex., William B. Hardie, Jr., El Paso, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Gregorio Espino-Uribe's petition for habeas corpus relief under 28 U.S.C. § 2255 was denied by the district court without an evidentiary hearing. In 1974 he was convicted after a jury trial on four counts of illegal transportation of an alien in violation of 8 · U.S.C. § 1324(a)(2).[1]

He now challenges the validity of that conviction on four grounds, alleging that (1) the offense did not occur within the jurisdiction of the Western District of Texas, (2) the Government's action in deporting two of the seven aliens prior to the trial and its failure to produce a third alien, Mr. Valdez, at the trial violated his fifth and sixth amendment rights, (3) the trial court did not instruct the jury correctly on the knowledge element of the offense, and (4) the court-appointed attorney failed to render effective assistance of counsel.

None of these points merits reversal. First, the trial record reveals that although petitioner was indeed arrested in New Mexico, all of the testimony indicated that the aliens entered the United States through El Paso, Texas. This uncontradicted evidence is more than adequate to support the jurisdiction of the District Court for the Western District of Texas. Second, petitioner's contention that the Government failed to produce two of the seven aliens as witnesses at the trial was raised for the first time in his petition under § 2255. Although the existence of the two missing persons was mentioned at least five times by Government witnesses at the trial, the defense never asked to learn their identity or their whereabouts, nor did it move for dismissal of the charges on that ground. Additionally, the remaining five aliens did testify, and their unanimous story pointed to petitioner's guilt.[2] Under the circumstances, we believe that Espino-Uribe waived his right to complain about the absence of these witnesses.[3] *See Mitchell v. United States,* 5 Cir. 1973, 482 F.2d 289; *cf. Fay v. Noia,* 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (section 2254).

Third, the record shows that the court gave an adequate instruction on the element of knowledge, and that in any event defense counsel made no objection to that part of the charge. Finally, we find that petitioner received the "reasonably effective assistance" of counsel to which he is entitled. *See United States v. Beasley,* 5 Cir. 1973, 479 F.2d 1124, 1129, *cert. denied,* 414 U.S. 924, 94 S.Ct. 252, 38 L.Ed.2d 158.

For the foregoing reasons, the decision of the district court is affirmed.

Affirmed.

---

**1.** This Court affirmed the conviction on direct appeal. *United States v. Uribe,* 5 Cir. 1974, 505 F.2d 733 (unpublished opinion).

**2.** Contrary to petitioner's assertion, Mr. Jose Valdez-Valdez did testify at the original trial. See Transcript pages 30 to 45.

**3.** Because of our resolution of this question, we need not decide whether we agree with the Ninth Circuit that due process is denied when the Government deports potential witnesses before the defendant has an opportunity to interview them. *United States v. Mendez-Rodriguez,* 9 Cir. 1971, 450 F.2d 1.