**CITY PUBLIC SERVICE BOARD, Plaintiff,**

**City of San Antonio, Acting By and Through City Public Service Board, Appellant,**

v.

**GENERAL ELECTRIC COMPANY, Defendant–Appellee.**

No. 90–5615.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1991.

Cathy J. Sheehan, Jerry A. Gibson, Plunkett, Gibson & Allen, San Antonio, Tex., for appellant.

Thomas H. Crofts, Jr., C. Damon Ball, Groce, Locke, & Hebdon, Ruth Greenfield Malinas, Ball & Weed, San Antonio, Tex., for defendant-appellee.

ON PETITION FOR REHEARING

Before GOLDBERG, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In its petition for rehearing, the City of San Antonio points out that the Texas Supreme Court recently withdrew its opinion in *Southwestern Bell Telephone Co. v. FDP Corp.*, 811 S.W.2d 572 (Tex.1991), upon which we relied in the prior panel opinion. *See City of San Antonio v. General Electric Co.*, 935 F.2d 78, 81–82 (5th Cir.1991). We take note of the Supreme Court's action and, accordingly, substitute the following in place of the last paragraph in Part II of our prior opinion:

■■■ The *Melody Home II* warranty does not require repairmen to "guarantee the results of their work;" it only requires those who actually repair goods or property to perform *those services* in a good and workmanlike manner. *Melody Home II*, 741 S.W.2d at 354–55. Claims of failure to warn or failure to advise therefore fall outside the warranty's purview, and it is not for this court—Erie-bound to apply state law as state courts would do—to incorporate such innovative theories of recovery into Texas law. *See Mayo v. Hyatt Corp.*, 898 F.2d 47, 49 (5th Cir.1990). Because the City offered no evidence that the repairs actually undertaken by GE were in any way defective, we conclude that the *Melody Home II* warranty is inapplicable to the case at bar.[1]

With the exception of the above changes, the panel adheres to its prior opinion and denies the petition for rehearing.

---

1. Because we hold that GE did not breach the implied warranty, we need not consider the alternative argument, which the district court never addressed, that GE was entitled to summary judgment because the *Melody Home II* warranty does not extend to "professional services." *See Melody Home II*, 741 S.W.2d at 354 (declining to answer "[t]he question whether an implied warranty applies to services in which the essence of the transaction is the exercise of

professional judgment by the service provider"). Nevertheless, we note that while at least one Texas appellate court has extended the implied warranty to professional services, *White Budd Van Ness v. Major–Gladys Drive Joint Venture*, 798 S.W.2d 805, 813 (Tex.App.—Beaumont 1990), *error dismissed*, 811 S.W.2d 541 (Tex. 1991), the Texas Supreme Court has yet to adopt this position. *See Willis v. Maverick*, 760 S.W.2d 642, 647–48 (Tex.1988).