# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-50784

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HORACE EDWARD HOLLIS, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PRISCILLA RICHMAN OWEN, Circuit Judge:

Horace Edward Hollis, Jr. appeals his criminal sentence under the Armed Career Criminal Act[1] and associated provisions of the United States Sentencing Guidelines (USSG).[2] Because there is insufficient evidence in the record that Hollis was represented by counsel or validly waived his right to counsel in proceedings leading to a prior conviction on which a sentence under the Armed Career Criminal Act was predicated, we vacate and remand for resentencing.

---

[1] See 18 U.S.C. § 924(e).

[2] See USSG § 4B1.4 (2001).

We also vacate his conviction as a felon in possession of a firearm[3] because it is multiplicitous.

## I

Hollis was accused of being a fugitive in possession of a firearm[4] (Count One) and a felon in possession of a firearm[5] (Count Two). Both counts were based on the same firearm and the same time of possession. Hollis requested a jury trial.

In order to establish that Hollis was a felon, the government was required to prove a prior felony conviction.[6] To preclude the introduction of evidence regarding the details of his prior convictions before the jury, as well as the details of his fugitive status, Hollis stipulated to certain facts, including the fact that he was convicted of a felony in South Carolina in 1963 and sentenced to a term of years in that state's penitentiary.[7] The jury found Hollis guilty as

---

[3] See 18 U.S.C. § 922(g)(1).

[4] See 18 U.S.C. § 922(g)(2).

[5] See 18 U.S.C. § 922(g)(1).

[6] See id. (defining a felon as any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year").

[7] The relevant text of the stipulation is as follows:

> The defendant fully understands he does not have to stipulate to these facts and that he has a constitutional right to require the government to call witnesses at the trial and have them testify as to the facts stipulated in this agreement. Defendant also understands that he has a constitutional right to cross-examine any witnesses the government may call to give testimony against him, and knowing all of the above, the defendant, after consultation with his attorney, agrees to waive these two rights along with any other rights that may attach or inure to his benefit from the two rights set out above and agrees to stipulate to the following facts:

> That Defendant HORACE EDWARD HOLLIS, JR. is an individual previously convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

charged in Counts One and Two.

At sentencing the government sought to establish that Hollis was a career criminal and should be sentenced under the Armed Career Criminal Act, which required proof that Hollis had three prior violent felony convictions.[8] The district court concluded that the government had met its burden and sentenced Hollis to 212 months' imprisonment on each count, to run concurrently; a fine of $1,000 for each count; and an assessment of $100 on each count. Hollis appealed, and based on the parties' agreement that the record was unclear as to which of several prior convictions were the predicates for the armed career criminal enhancement, this court remanded for re-sentencing.[9]

At the re-sentencing hearing, it was undisputed that Hollis had at least two prior violent felony convictions. At issue was whether the 1963 South Carolina offense may be used as the third. Hollis testified that he was not represented by counsel in that prior proceeding, was indigent, was not advised that he was entitled to appointed counsel, and did not waive his right to counsel.

---

On June 4th, 1963, was convicted of a felony in Cause No. 51217, in Charleston County, South Carolina and sentenced to a term of years in the South Carolina Penitentiary.

And:

That Defendant HORACE EDWARD HOLLIS, JR. is an individual who has knowingly fled from a State to avoid prosecution for a crime in a criminal proceeding, and was a fugitive from justice at the time of his arrest for this offense, to wit:

On August 28, 2001, was indicted in Cause No. CR5665 in the Circuit Court for Dickson County, Tennessee by the grand jury for a felony offense.

The foregoing stipulation of facts is true and correct and are approved by the persons signing below.

Signed by:      [Hollis, his counsel, and government counsel].

[8] See 18 U.S.C. § 924(e).

[9] United States v. Hollis, 155 F.App'x 793 (5th Cir. 2005).

The government offered a document from the state prosecutor's office (the "prosecutive summary") that purported to reflect the name of an attorney representing Hollis and other defendants in at least one aspect of the case. The government also took the position that the stipulation regarding this prior offense foreclosed Hollis from collaterally attacking the 1963 conviction.

The district court imposed the same sentence, concluding that Hollis's prior stipulation to the fact of the 1963 conviction prevented him from later challenging the validity of that conviction. Hollis has again appealed.

## II

It is well-settled that "a conviction obtained in violation of Gideon v. Wainwright [may not] be used against a person either to support guilt or enhance punishment for another offense."[10] The stipulation regarding the prior South Carolina conviction was used to prove an element of Hollis's conviction as a felon in possession of a firearm. However, Hollis does not attack the validity of the prior conviction for that purpose. He contends only that it cannot be used to support sentencing him as an armed career offender.

Hollis contends that the stipulation regarding the prior South Carolina offense admitted only that he was convicted, not that the conviction was validly obtained. We interpret the meaning of stipulations de novo,[11] and we agree. As a general rule, if the text of the stipulation and inferences that may be drawn from the record demonstrate a "clear waiver" or "intentional by-passing of an opportunity to assert a known right," then a subsequent attack on the prior conviction is barred.[12]

The stipulation itself states only that Hollis "was convicted." The text does

---

[10] Burgett v. Texas, 389 U.S. 109, 115 (1967) (citing Gideon v. Wainwright, 372 U.S. 335 (1963)).

[11] See United States v. Domino, 62 F.3d 716, 719 (5th Cir. 1995).

[12] Mitchell v. United States, 482 F.2d 289, 292 (5th Cir. 1973).

not address Hollis's guilt or the truth of the charges. There is no statement that the conviction was valid or was constitutionally obtained. Nor is there any statement that Hollis waived his right to attack the conviction collaterally. Hollis's stipulation is similar to an admission at issue in Mitchell v. United States, in which this court held:

> [B]y admitting the correctness of his criminal record at the time of sentencing Mitchell did not admit that he was in fact guilty of the three prior offenses charged, but only confirmed through his counsel that the record of convictions and prison disciplinary proceedings presented to the court was substantially correct. Neither Mitchell's statements nor those of his attorney at sentencing can fairly be construed as more than admissions that Mitchell had been previously convicted of three crimes, as reflected on his record. They were not admissions of guilt and did not constitute an express waiver of the right to attack the constitutional validity of the prior convictions.[13]

Since the text of the stipulation is unavailing, the government asks us to infer waiver from the stipulation's purpose. As recognized in Old Chief v. United States, a defendant has the right to admit or stipulate to the fact of a prior felony conviction for purposes of proof of felon status.[14] The government cannot thereafter offer evidence of guilt or the circumstances surrounding that prior conviction.[15] This is an evidentiary matter, as Old Chief explained.[16] Evidence of the circumstances of the prior conviction and even "evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant."[17] This risk outweighs the right of the government, as a general

---

[13] Id.

[14] See Old Chief v. United States, 519 U.S. 172, 190-91 (1997).

[15] Id.

[16] Id.

[17] Id. at 185.

matter, to prove its case as it chooses. As Old Chief discerned, the "recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him."[18]

The government argues that Hollis cannot "have it both ways," contending that when Hollis stipulated to the existence of the prior conviction for purposes of establishing his status as a felon with regard to the felon in possession of a firearm charge, he could not later disavow the prior conviction for sentencing purposes. But the fact that Hollis failed to collaterally attack the prior conviction during the trial of his innocence or guilt does not foreclose a subsequent collateral attack during sentencing proceedings. As discussed above, the stipulation does not constitute an express waiver, and Hollis's failure to avail himself of a right in one context does not constitute the waiver of that right in another.

Nor will we infer waiver under the doctrine of Zales v. Henderson[19] and Long v. McCotter.[20] As we stated in Long, the Zales doctrine "is limited to situations in which . . . the petitioner has pleaded 'true' or 'guilty'" to an enhancement charge.[21] Hollis has not pleaded "true" or "guilty" to the underlying offense or to the Armed Career Criminal Act enhancements. The stipulation in this case is not analogous in purpose or effect to a "true" or "guilty" plea: the purpose of Hollis's stipulation is to avoid prejudice to the jury. The

---

[18] Id. at 190.

[19] 433 F.2d 20 (5th Cir. 1970).

[20] 792 F.2d 1338 (5th Cir. 1986).

[21] Id. at 1341.

Zales waiver doctrine does not apply here.

### III

The district court relied upon the waiver theory in ruling on Hollis's challenge to his 1963 conviction, and the court made no factual finding as to whether Hollis had counsel for that conviction. In Mitchell, we set forth the burdens and standards of proof when a defendant alleges that a prior conviction was unconstitutionally obtained because of lack of representation:

> [W]hen a convicted defendant who was indigent at the time of his conviction collaterally attacks the conviction on right-to-counsel grounds, and the record shows that he was not represented by counsel or is silent regarding representation of counsel, then the party which defends the conviction has the burden of proving that the defendant was represented by counsel or that he waived his right to counsel. Conversely, if the record of the conviction under collateral attack shows that the defendant was represented by counsel, the convicted defendant has the burden of impeaching the record.[22]

The government argues that the prosecutive summary is evidence showing that Hollis was represented by counsel and therefore that the burden was upon Hollis to impeach that record at sentencing. But the prosecutive summary does not show what the government claims it does. It shows, at most, that Hollis and his co-defendants were represented by an attorney at their bond hearing hours after they were apprehended on May 14, 1963. Although the word "guilty" appears on the document, it has no information regarding a trial or plea proceeding. It does not reflect that Hollis was represented by counsel when convicted or that he validly waived his right to counsel.

Because the government has not established three counseled predicate felonies, the sentence must be vacated and Hollis must be re-sentenced.

### IV

---

[22] See Mitchell, 482 F.2d at 296 (citations omitted).

Conviction as a felon-in-possession and as fugitive-in-possession for the same firearm on the same occasion is prohibited by Munoz-Romo.[23]  Hollis does not raise this issue in his appeal, but the government does so in its response and requests that we vacate one of Hollis's convictions.

In his first appeal in this case, Hollis argued both that Munoz-Romo required that one of his two convictions be vacated, and that his Armed Career Criminal Act sentence had not met the requirements of Mitchell.  In that appeal, the government agreed with Hollis on the Munoz-Romo issue and on the second issue requested that we remand because the record was not sufficiently clear to determine whether Hollis's sentence violated Mitchell.  Our disposition in that first appeal addressed only the Mitchell issue; we did not address the Munoz-Romo argument.[24]

At resentencing, Hollis moved the district court to vacate one of his convictions in light of Munoz-Romo, and the government opposed that motion at the time.  The district court interpreted our mandate in the first appeal as rejecting the Munoz-Romo argument.  The district court accordingly resentenced only in light of Mitchell and denied the motion to dismiss one of the convictions under Munoz-Romo.

On this second appeal, we are bound by the law of the case rule: "ordinarily an issue of fact or law decided on appeal may not be reexamined . . .

---

[23] See United States v. Munoz-Romo, 989 F.2d 757, 759 (5th Cir. 1993).

[24] The substantive portion of our opinion in the first appeal reads as follows:

> IT IS ORDERED that Appellee's unopposed motion to vacate the sentence is GRANTED.

> IT IS FURTHER ORDERED that Appellee's unopposed motion to remand case for resentencing consistent with Mitchell v. United States, F.2d 289 (5th Cir. 1973) is GRANTED.

by the appellate court on subsequent appeal."[25]  Assuming, without deciding, that our first appeal adjudicated the Munoz-Romo issue, we may not reconsider that issue now unless one of the exceptions to the doctrine applies.  The three exceptions are:  "(1) [t]he evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice."[26]  The third exception is granted only in "extraordinary circumstances."[27]

> Mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong.[28]

In this case, Munoz-Romo unequivocally prohibits Hollis's simultaneous conviction for Counts One and Two.  If our opinion in the first appeal decided that issue and allowed both convictions to stand, it was "dead wrong" under our earlier decision in Munoz-Romo.  Allowing an invalid conviction to stand would work manifest injustice.  The Eighth Circuit has held that a clearly erroneous appellate ruling on a statute of limitations defense in a 42 U.S.C. § 1983 claim that had the effect of improperly dismissing certain defendants would work a manifest injustice if allowed to stand on the second appeal.[29] The court therefore modified its earlier ruling, despite the fact that it had become the law of the

---

[25] United States v. Lee, 358 F.3d 315, 320 (5th Cir. 2004) (quoting United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002)) (internal quotation marks omitted).

[26] Id. at 320 n.3.

[27] City Pub. Serv. Bd. v. Gen. Elec. Co., 935 F.2d 78, 82 (5th Cir. 1991) (amended on another point, 947 F.2d 747 (5th Cir. 1991)).

[28] Id. (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)) (internal quotation marks and omissions omitted).

[29] See Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005).

case. Allowing an invalid criminal conviction to stand would work a far greater injustice than improper dismissal of defendants in a civil § 1983 case. In these unique circumstances, in which the government, in the interest of justice, urges us to vacate a defendant's criminal conviction because it is foreclosed by this court's prior precedent, it would be clear error and manifest injustice to allow the conviction to stand. We will grant the government's request to vacate Count Two.

V

For the foregoing reasons, Hollis's conviction under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), sentence under 18 U.S.C. § 924(a)(2), as well as the penalty and fine, are VACATED. His sentence under 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (fugitive in possession of a firearm) is VACATED and we REMAND for resentencing.