Kenneth D. TIPTON, Appellant,

v.

J. E. BAKER, Warden, Appellee.

No. 10172.

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1970.

Hugh D. Rice, Oklahoma City, Okl. (Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, Okl., on the brief), for appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen., Albuquerque, N. M. (James A. Maloney, Atty. Gen., State of N. M., on the brief), for appellee.

Before HICKEY * and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

HOLLOWAY, Circuit Judge.

This appeal is taken from the denial of habeas corpus relief by the Federal District Court. Appellant sought relief from custody under a New Mexico State Court sentence as increased of 49½ to 198 years in lieu of a prior sentence of 49½ to 99 years. The enhanced punishment was given on re-sentencing following collateral proceedings in which the prior sentence was set aside by the New Mexico Supreme Court for defects in State procedure. The order imposing the increased sentence stated no rea-son for the enhancement of punishment. However, statements of the State Court sentencing Judge indicated that the original sentence was not as long as prescribed by law and that the Court had corrected it, and that it was a sentence provided by the State statute. Appellant argues here that the increased sentence violated his Federal constitutional rights under the double jeopardy clause and also under due process principles pronounced in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

The controlling facts are not in dispute. In 1962 appellant plead guilty to the charge of rape of an adult female in Cause No. 5141 in the District Court of Curry County, New Mexico. The following day an information was filed in Cause No. 5154 in that Court charging that appellant was an habitual criminal by reason of a 1953 conviction of statutory rape and the plea of guilty in Cause No. 5141. Appellant was found to be an habitual offender and sentence was imposed upon him in No. 5154 for imprisonment for not less than 49½ years and not more than 99 years.[1] No sentence was imposed in No. 5141 involving the 1962 rape charge.

Appellant made a post-conviction attack on the conviction and sentence of 49½ to 99 years in the New Mexico Courts.[2] On appeal in that post-conviction proceeding the New Mexico Supreme Court held that the State District Court had erred by imposing sentence in the habitual criminal proceeding in No. 5154, and that following the

---

* Hickey, Circuit Judge, heard the argument of the case but, by reason of his death, did not participate in the decision.

1. The New Mexico Habitual Criminal Act invoked against appellant was § 41–16–1, N.M.S.A.1953 (superseded by § 40A–29–5, N.M.S.A.1953). This statute provided that a person convicted of a felony who had a previous felony conviction should be sentenced in the second case to imprisonment for a term not less than half the longest term, nor more than twice the longest term, prescribed on a first conviction for that felony, if the subsequent felony is such that on a first con-viction the offender would be punishable by imprisonment for any term less than his natural life. § 40–39–1, N.M.S.A. 1953, now repealed, provided that the penalty for rape was imprisonment for a period of not less than one nor more than 99 years.

2. Appellant invoked Rule 93 procedure by a motion for post-conviction relief. See § 21–1–1(93), N.M.S.A.1953. He had taken an earlier appeal challenging the application of the New Mexico Habitual Criminal Act, but was unsuccessful. State v. Tipton, 73 N.M. 24, 385 P.2d 355.

habitual criminal determination in the separate cause in No. 5154, the sentence should have been imposed in No. 5141, the rape case. The Court stated that the sentence in No. 5154 was a nullity and the commitment issued therein was void. State v. Tipton, 77 N.M. 1, 419 P.2d 216.

On remand the District Court of Curry County, with a new judge presiding, entered a new judgment and sentence in November, 1966. That judgment provided that the prior sentence in No. 5154 was vacated; that appellant was resentenced in No. 5141; that his confinement should be for a period of not less than 49½ nor more than 198 years; and that the sentence should commence as of April 30, 1962—the date of commencement of service of the first sentence.

■ A further post-conviction proceeding was pursued in the New Mexico Courts by appellant without success. State v. Tipton, 78 N.M. 600, 435 P.2d 430. Appellant then brought this Federal habeas corpus suit raising the issues before us and others. In accordance with 28 U.S.C.A. § 2254(d) the Federal District Court reviewed records from the State Courts. Those records include, among others, the transcript of the thorough State Court post-conviction evidentiary hearing where appellant and others testified, and the detailed findings and decision thereon by the State Court. On the basis of those records and consideration of appellant's habeas corpus petition before it, the Federal District Court filed a memorandum opinion and order denying relief. This appeal followed on which appellant urges only the double jeopardy and due-process issues outlined above.[3]

■ We turn first to appellant's constitutional claim that the increase in his sentence violated the Federal double jeopardy clause. The guarantee provided by the Fifth Amendment against double jeopardy is enforceable against the States through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.[4] The guarantee protects against a second prosecution for the same offense after acquittal; against a second prosecution for the same offense after conviction; and against multiple punishments for the same offense. North Carolina v. Pearce, supra, 395 U.S. at 717, 89 S.Ct. 2072. And the guarantee against multiple punishments absolutely requires that punishment already exacted must be fully credited against a new sentence for the same offense, id. at 718–719, 89 S.Ct. 2072—which credit the second New Mexico sentence gave in full. Our inquiry focuses on the third facet of the guarantee and whether the increased sentence inflicted multiple punishment for the same offense in these circumstances.

■ The double jeopardy guarantee imposes no limitation on the power to re-try a defendant who has succeeded in getting his first conviction set aside.

3. There is no showing that appellant raised these issues in the New Mexico Courts. However, the merits of these contentions have been briefed and argued here by the parties without any objection by appellee that appellant did not exhaust State remedies on the issues. We deem appellant's allegations in the Federal District Court complaining of the increased sentence for the same crime, alleged to be in violation of the Federal Constitution and contrary to double jeopardy and other constitutional provisions, to raise the double jeopardy and due process issues sufficiently. Under these circumstances we conclude that we should consider these contentions. See Hines v. Baker, 422 F.2d 1002 (10th Cir.); Tolg v. Grimes, 355 F.2d 92, 97 (5th Cir.), cert. denied, 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005; Nance v. Baker, 400 F.2d 864 (10th Cir.); and Capps v. Patterson, 398 F.2d 345 (10th Cir.).

4. *Benton* applies retroactively so that the facets of the Federal guarantee against double jeopardy are applicable here. North Carolina v. Pearce, supra; Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469; Booker v. Phillips, 418 F.2d 424 (10th Cir.).

United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; and see North Carolina v. Pearce, supra, 395 U.S. at 719–720, 89 S.Ct. 2072, and cases there cited. Moreover *Pearce* recognizes as a settled proposition the power, on the defendant's reconviction " * * * to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction," *id.* at 720, 89 S.Ct. at 2078 subject to the due process requirements there pronounced. The rationale for an increased sentence in such circumstances " * * * rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *Id.* at 721, 89 S.Ct. at 2078.

Appellant here, however, did not obtain a setting aside of his conviction and he was not re-tried and re-convicted. Nevertheless at his instance the former sentence was invalidated. The Supreme Court addressed itself to such circumstances in Murphy v. Massachusetts, 177 U.S. 155, 160, 20 S.Ct. 639, 641, 44 L.Ed. 711:

> "Tested by these rulings, plaintiff in error's original sentence was not void but voidable, and if the sentence had been complied with he could not have been punished again for the same offense. *Com. v. Loud*, 3 Met. 328, [37 Am.Dec. 139.] But as the original sentence was set aside at his own instance, he could not allege that he had been in legal jeopardy by reason thereof.

> \* \* \* \* \* \*

"We repeat that this is not a case in which the court undertook to impose *in invitum* a second or additional sentence for the same offense, or to substitute one sentence for another. On the contrary, plaintiff in error availed himself of his right to have the first sentence annulled so that another sentence might be rendered.

And as the decision which he sought and obtained involved the determination that he had been improperly sentenced under chapter 504 of the Statutes of 1895, providing for so-called indeterminate sentences, but should have been sentenced under antecedent statutes, which differed from that, it followed that the second sentence must be a new sentence to the extent of those differences, and might turn out to be for a longer period of imprisonment."

We conclude that where, at the defendant's behest, his sentence is set aside on appeal or by collateral attack, the imposition of a greater sentence does not violate Federal double jeopardy principles. Murphy v. Massachusetts, supra; Robinson v. United States, 144 F.2d 392, 397 (6th Cir.), aff'd., 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944; King v. United States, 69 App.D.C. 10, 98 F.2d 291, 295; Bryant v. United States, 214 F. 51, 53 (8th Cir.); and see United States v. Smith, 331 U.S. 469, 474, 67 S.Ct. 1330, 91 L.Ed. 1610. We have considered Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872, and United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354, relied on by appellant, and similar authorities.[5] There is dicta in the *Benz*

---

5. See, e. g., United States v. Sacco, 367 F.2d 368 (2d Cir.); United States v. Adams, 362 F.2d 210 (6th Cir.); Kennedy v. United States, 330 F.2d 26 (9th Cir.); Tatum v. United States, 114 U.S. App.D.C. 49, 310 F.2d 854; Duggins v. United States, 240 F.2d 479 (6th Cir.); United States v. Chiarella, 214 F.2d 838 (2d Cir.), cert. denied, 348 U.S. 902, 75 S.Ct. 226, 99 L.Ed. 708; Crowe v. United States, 200 F.2d 526 (6th Cir.); and Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499, 501. In these cases the prohibition against multiple punishment was held to preclude the augmenting of a lawful sentence. Here there is no such barrier to an increased sentence, because the prior sentence had been set aside, at the defendant's behest.

case that, while a court may amend a judgment during the term so as to mitigate punishment, it may not increase the penalty because of double jeopardy restrictions. *Id.* at 307, 51 S.Ct. 113. While it is not free from doubt, we nevertheless believe that the prohibition against a sentence being augmented does not apply where invalidation of the prior sentence occurred at the defendant's behest. We agree with the conclusion in King v. United States, supra, that the law remains as the *Murphy* case established it " * * * that when a void, or merely voidable, sentence has been vacated as a result of the prisoner's own demands, he cannot complain if his second sentence increases his punishment." 98 F.2d at 295.[6] Thus, we do not agree with appellant's double jeopardy contention.

Appellant's second argument here is that the increase in his sentence violated due process principles recognized in North Carolina v. Pearce. Under the Fourteenth Amendment it was there held that when a more severe sentence is imposed after a new trial, the reasons therefor must affirmatively appear, based on identifiable conduct of the defendant occurring after the original sentencing. Appellant says that the due process principles of *Pearce* apply equally to re-sentencing without a new trial. However, appellant's increased sentence was imposed prior to the *Pearce* decision and appellee argues that its principles do not apply. The retroactivity of North Carolina v. Pearce has not been decided by the Supreme Court.[7]

In considering the due process issue we have encountered circumstances in the record raising questions apparently not presented to the Federal District Court and not briefed or argued to us. While the formal judgment imposing the increased sentence stated no reasons for the enhanced punishment, our record shows statements by the State Court within a few days indicating reasons for the sentence.[8] The statements appear to

6. We note the rejection of the notion of waiver of the double jeopardy guarantee in the special circumstances involved in Green v. United States, 355 U.S. 184, 191–192, 78 S.Ct. 221, 2 L.Ed.2d 199; see also Patton v. North Carolina, 381 F.2d 636, 645–646, (4th Cir.) cert. denied, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed. 2d 871, which supports appellant's position on double jeopardy. However, the recent emphasis in North Carolina v. Pearce, supra, 395 U.S. at 719–721, 89 S.Ct. 2072, that the original conviction was set aside at the defendant's behest, and the citation there of the *Murphy* case, supra 395 U.S. at 720, n. 16, 89 S.Ct. 2072, persuade us that the defendant may not rely on the prior sentence set aside at his instance as the basis for a claim of double jeopardy.

7. As suggested by the parties, we awaited the decision in Moon v. Maryland, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262. However, the retroactivity question was not decided and the writ was dismissed as improvidently granted. The Court has recently granted certiorari in another case presenting the *Pearce* retroactivity issue. Odom v. United States, 399 U.S. 904, 90 S.Ct. 2203, 26 L.Ed.2d 559. We note that *Pearce* was accorded retroactivity in Pinkard v. Neil, 311 F.Supp. 711 (M.D.Tenn.). We feel that decision of the retroactivity question should not be made in this case until it is determined whether its circumstances present a basis for a due process claim under *Pearce*.

8. Eight days after the re-sentencing, at the conclusion of its evidentiary hearing on appellant's Rule 93 motion, the State Judge that gave the increased sentence stated findings and conclusions on the motion orally. In dismissing appellant's contention that the Judge imposing the first sentence was prejudiced, the Court stated:

"In any event the only way that Judge Hensley could have shown or demonstrated this alleged prejudice would have been the sentence imposed inasmuch as the defendant pleaded guilty. Sentence imposed was actually not as long as prescribed by law and

indicate that there was no sentencing discretion, and that the sentence given on the re-sentencing followed a requirement of law.[9]

 Without deciding their effect, we feel that such circumstances surrounding the re-sentencing raise a substantial doubt whether appellant may assert that his increased sentence was vindictively imposed in violation of the due process principles of North Carolina v. Pearce. The *Pearce* opinion came after the District Court's decision. While we feel that appellant sufficiently raised the due process issue, the Court and the parties did not have the opportunity for the record to be made and the issues to be presented to cover matters made relevant by the *Pearce* opinion. Moreover, the State criminal law and procedure are of material importance. Therefore, we feel that the circumstances surrounding the re-sentencing should be presented to the District Court, along with the applicable State law, for its consideration and its findings and conclusions on the due process claim, in the light of North Carolina v. Pearce. The time necessary therefor does not appear prejudicial to appellant.[10]

For these reasons the judgment is vacated and the case is remanded for further proceedings on the due process issue.

this Court has corrected that, so Point No. 2 is found to be without merit." (R. Vol. III, Petitioner's Exhibit 3, p. 95.)

Again in rejecting the contention that the increased sentence was cruel and unusual punishment, the Court stated:

"This was a sentence that is provided by the habitual criminal act of the State of New Mexico. The Court simply followed that statute. I see no merit to the contention that it is cruel and inhuman punishment anymore than is a life sentence." (R. Vol. III, Petitioner's Exhibit 3, p. 98.)

9. In this connection, we have noted the interpretation of the New Mexico indeterminate sentencing law, § 41–17–1, N.M.S.A. (1961 Pocket Supp.), in State v. Romero, 73 N.M. 109, 385 P.2d 967, and discussion of the habitual criminal act and the indeterminate sentencing law as applied to the rape offense penalty in State v. Tipton, 73 N.M. 24, 385 P.2d 355, and State v. Tipton, 78 N.M. 600, 435 P.2d 430.

10. If appellant should be entitled to relief, it would look to resentencing to his earlier 49½ to 99 year sentence imposed originally in 1962. See, *e. g.*, Patton v. North Carolina, supra 395 U.S. at 646, 89 S.Ct. 2072.