UNITED STATES of America,
Appellee,

v.

Charles E. SANDERS, Appellant.

No. 25268.

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 954.

————◆————

Jerry Ackeret (argued), Ackeret & Colteaux, San Rafael, Cal., for appellant.

Richard W. Nichols, Asst. U. S. Atty. (argued), Dwayne Keys, U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and BURKE, District Judge*.

PER CURIAM:

After a waiver of counsel and the entry of a guilty plea to bank robbery, Sanders was sentenced to fifteen years in prison. He appealed and the Supreme Court reversed because he claimed to be under the influence of drugs at the time of the waiver and plea. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

After a new trial he received a twenty-year sentence. We reversed and remanded for resentencing in accord with North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). United States v. Sanders, No. 22178 (9th Cir. 1969). Sanders appeals from that sentence. We affirm.

When resentencing Sanders the district court judge restated the comments he had made after the second trial, noting that:

"(1) Sanders had committed a serious crime;

(2) Sanders had an exteremely poor record as a citizen;

(3) Sanders had obviously fabricated his defense and testified falsely at his trial, thus committing a further crime of perjury; and

(4) It was apparent to me after studying the presentence report provided to me by the Probation Officer that Sanders had regressed rather than progressed toward rehabilitation during the time that he was in prison. I was aware of only the first two of these things at the time that I pronounced the initial sentence of fifteen years."

The stated reasons fully comply with the requirements of *Pearce, supra.* It was appropriate for the district court judge to take Sanders' perjury into account in resentencing, Williams v. New

* Hon. Lloyd H. Burke, United States District Judge for the Northern District of California, sitting by designation.

York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1948), and the fact that he had not been favorably considered for parole.

The decision of the district court is affirmed.