UNITED STATES of America,
Plaintiff-Appellee,

v.

Mayo TURNER et al.,
Defendants-Appellants.

No. 74-1901.

United States Court of Appeals,
Seventh Circuit.

Argued April 8, 1975.

Decided June 9, 1975.

Robert S. Bailey, Marc R. Kadish, Joseph A. Ettinger, Chicago, Ill., for defendants-appellants.

James R. Thompson, U. S. Atty., Gary L. Starkman and Marianne Jackson, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT and BAUER, Circuit Judges, and van PELT BRYAN, Senior District Judge.*

BAUER, Circuit Judge.

Appellants, subsequent to plea negotiations, entered pleas of guilty to a two count indictment charging violations of 18 U.S.C. § 2113, the federal bank robbery statute. Count One charged that the four defendants[1] robbed the North Community State Bank by force, violence and intimidation, and that during the course of the robbery they put lives in jeopardy by the use of dangerous weapons, in violation of subsections (a) and (d) of § 2113.[2] Count Two, realleging the charges of Count One, charged that the defendants took hostages to avoid apprehension in violation of subsection (e) of § 2113.[3]

---

\* Hon. Frederick van Pelt Bryan of the Southern District of New York is sitting by designation.

1. Thomas Turner was also indicted, but he entered a plea of guilty only to Count One of the indictment. He received a ten year sentence of imprisonment and does not now appeal.

2. Subsection (a) of § 2113 carries a maximum sentence of twenty years imprisonment; sub-section (d) carries a twenty-five year maximum.

3. Subsection (e) of § 2113 carries a minimum sentence of ten years and a maximum of life imprisonment. In a jury trial, punishment by death may be imposed if the jury so directs.

At sentencing two of the defendants were sentenced to serve eight years on Count One and ten years on Count Two. The other defendant was sentenced to ten years imprisonment on both counts. In all cases the sentences were to run consecutively. The total amount of years received by these three defendants was in line with their expectations after plea negotiations. All of the defendants began service of their sentences.

About thirty days later, defendant Mayo Turner, with Argentine Thomas later joining, filed a motion in the District Court pursuant to Rule 35 of the Federal Rules of Criminal Procedure[4] seeking to correct an illegal sentence. Defendants' motion relied on the United States Supreme Court's holding in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).[5] The government's response to the motion conceded that the sentences were improper, but in light of the plea bargain involved, urged the District Court to resentence the defendants to the full extent of the original terms imposed.

The District Judge rejected both contentions and ruled that the sentences were proper. The defendants appealed. Prior to the filing of briefs the government, joined by the defendants, filed a motion to remand for resentencing. This Court, without comment on the underlying issue, granted the motion, vacated the sentence and remanded to the District Court for resentencing.

All three defendants were returned to the District Court.[6] The judge below imposed a general sentence on the whole indictment. Scruggs and Turner were

sentenced to terms of eighteen years imprisonment and Thomas was sentenced to twenty years. In each case the resentence equaled the total of the original consecutive sentences but exceeded that which was imposed on any one count. This appeal arises out of that resentencing.

The defendants contend that because they had begun service of their sentences the imposition of the eighteen and twenty year sentences constitutes an unconstitutional enhancement. They assert that the double jeopardy clause[7] bars the imposition of sentences that exceed the maximum sentence originally imposed on any one count of the indictment.

■ The government answers that since each defendant knew, prior to the entry of his guilty plea, that he would receive a sentence "in the neighborhood" of twenty years, the resentencing was not unconstitutional. We do not agree.

■ The law is well settled that increasing a sentence after the defendant has commenced to serve it is a violation of the constitutional guaranty against double jeopardy. This rule was first set out in Ex Parte Lange, 18 Wall 163, 85 U.S. 163, 21 L.Ed. 872 (1874). See also United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); United States v. Corson, 449 F.2d 544 (3d Cir. 1971); United States v. Welty, 426 F.2d 615 (3d Cir. 1970); Sullens v. United States, 409 F.2d 545 (5th Cir. 1969); United States v. Sacco, 367 F.2d 368 (2d Cir. 1966); Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948).

4. Rule 35 provides, in relevant part:
"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after sentence is imposed, . . . . ."

5. In *Prince* the Court held that it was not Congress' intention in establishing a series of greater and lesser offenses under the bank robbery statute to pyramid the penalties. Thus consecutive sentences were held to be improper.

6. The District Judge, having received a *pro se* communication from the defendant Scruggs on the same issue, vacated his sentence and had him returned for resentencing.

7. In a post-argument Local Rule 29 communication with the Court, defendants direct attention to United States v. Anderson (7th Cir.) 514 F.2d 583 of this Court. *Anderson* is cited to raise a question of due process. In the light of our present holding we need not reach the due process claim.

This Court in dicta has acknowledged and endorsed this principle in the case United States v. Teresi.[8] In *Teresi* we asked whether or not one judge in reconsidering a sentence imposed by another judge could enhance that sentence. Our answer was quite clear: "We think no more onerous sentence could be imposed once defendant began to serve his period of probation," at p. 899. Then, quoting from United States v. Sacco, *supra*, and relying on the citations therein, we put forth the general rule that no sentence may be enhanced once service has begun. *Supra* at 899.

We more subtly made the same point recently in United States v. Fleming.[9] In *Fleming* four defendants were convicted on a multiple count indictment charging violations of various subsections of the bank robbery statute. The judge there sentenced them consecutively on several combinations of counts totaling forty years to three defendants and thirty years as to the fourth. No sentence on any one count exceeded twenty years though maximum terms on some of the counts exceeded that number. The defendants appealed contending that consecutive sentencing on separate subsections was improper. We agreed but Judge Stevens, speaking for the Court, implied our endorsement of the *Lange* rule:

"Defendants contend first that Judge Foreman erred in sentencing them separately under subsections (a), (b) and (d) for what was in fact the robbery of a single teller. They argue that subsections (a) and (b) merge into the aggravated robbery punishable under subsection (d), and that even the imposition of concurrent sentences was erroneous. Then, they contend that the placing of the lives of two tellers in jeopardy during a single bank robbery does not constitute the commission of two separate offenses under

subsection (d). Thus, they conclude that their maximum sentences should have been those imposed by Judge Foreman for one subsection (d) violation: 20 years. For the following reasons, we agree" (at 1052).

■ Thus, in our minds it has been clear that no sentence may be increased once service has begun.

With the enhancement question settled as a general rule, the only question remaining is whether an exception should be made where the enhancement is for the purpose of carrying out the intentions of the judge and fulfilling the expectations of the defendants, i. e., the result of a plea bargain; in the instant case eighteen and twenty years respectively. We hold that this factual situation does not warrant such an exception.

The question of allowing exceptions to this general rule is not a particularly novel one, though we have found no case on all fours. Cf. Borum v. United States, 133 U.S.App.D.C. 147, 409 F.2d 433 (1967) cert. denied 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969); United States v. Sacco, *supra*; United States v. Adams, 362 F.2d 210 (6th Cir. 1966); Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964); Duggins v. United States, 240 F.2d 479 (6th Cir. 1957). All have held that regardless of the supporting intention of the judge, the *Lange* rule must be applied.

At this point it should be noted that we are not dealing with a case wherein a judge imposed a wholly illegal or void sentence.[10] Here the sentences were proper on one count as to each defendant; it was the imposition of consecutive sentences, i. e., pyramiding, that was illegal. It is not possible, nor is it necessary, to determine which of the counts is the legal one. We need only determine the most severe sentence imposed on any one count to set the limits for resentencing. In this case, then, the limit is ten

8. 484 F.2d 895 (7th Cir. 1973).

9. 504 F.2d 1045 (7th Cir. 1974).

10. Cf. Bozza v. United States, 330 U.S. 610, 67 S.Ct. 645, 91 L.Ed. 818 (1947); United States

v. Solomon, 468 F.2d 848 (7th Cir. 1972), cert. denied 410 U.S. 986, 93 S.Ct. 1513, 36 L.Ed.2d 182 (1973) (correction of illegal sentences was proper even though sentences were increased as a result).

years. When the defendants began service on their sentences the maximum for resentencing was set.

We are not persuaded by the government's argument that this was not error because the defendants received the sentences they expected pursuant to a plea bargain. The legality or illegality of sentencing is not a matter of contractual theory but of constitutional law. And the record discloses no waiver as to any constitutional right save that to have guilt determined at trial.

Neither do we credit the government's concern about any windfall to the defendants. The potential for abuse in broad judicial power to increase sentences outweighs the possibility of giving a few defendants the benefits resulting from a judicial mistake.

Accordingly, it is hereby ordered that the defendants' sentences are vacated and this cause is remanded to the District Court for resentencing with instructions that no sentence is to exceed ten years.

Reversed and remanded.