**UNITED STATES of America, Appellee,**

v.

**Chester Lee DURBIN, Appellant.**

**No. 76–1201.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1976.

Decided Oct. 6, 1976.

Rehearing and Rehearing En Banc Denied Nov. 23, 1976.

**487**

Q. Bryum Hurst, Jr., Hot Springs, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty. and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Chester L. Durbin appeals from the district court's[1] enhancement of his sentence. The exclusive issue raised in this appeal is whether the Constitution proscribes the imposition of a more harsh sentence upon resentencing when there has been neither a new trial nor a reconviction. Because we conclude that the imposition of a more severe punishment under such circumstances constitutes a violation of the Fifth Amendment prohibition of double jeopardy, we reverse.

Appellant pled guilty on August 23, 1965, to participating in a robbery, with two other individuals, of the Bank of Mountain View, Arkansas. 18 U.S.C. § 2113(d). The district court, taking into consideration a prior conviction for violation of the Dyer Act, 18 U.S.C. § 2312, imposed a sentence of 12 years. Subsequently, the Dyer Act conviction was set aside and appellant petitioned the district court to vacate or correct the 12-year bank robbery sentence.

On February 27, 1976, the trial court, after a hearing, vacated the original sentence as required by *United States v. Tucker,* 404 U.S. 443, 446–49, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), for the reason that appellant's prior conviction for violation of the Dyer Act had been found constitutionally invalid. On resentencing the district court, primarily relying on the fact that appellant had engaged in criminal activity while on parole from his 12-year sentence, imposed a sentence of 15 years.[2]

Appellant contends that the imposition of a more extreme sentence upon resentencing is violative of the ban against double jeopardy. A contrary result, according to appellant, would produce a chilling effect upon the exercise of basic constitutional rights. In contrast, the government, essentially relying on *North Carolina v. Pearce,* 395 U.S. 711, 719–21, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), asserts that a court upon resentencing has discretion to order a greater sentence than was originally imposed. *Cf. United States v. Sanders,* 435 F.2d 165 (9th Cir. 1970), *cert. denied,* 401 U.S. 944, 91 S.Ct. 954, 28 L.Ed.2d 225 (1971).

It is beyond dispute that the Fifth Amendment guarantee against double jeopardy provides protection against multiple punishments for the same offense. *North Carolina v. Pearce, supra,* 395 U.S. at 717, 89 S.Ct. 2072; *United States v. Benz,* 282 U.S. 304, 308–11, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 168, 21 L.Ed. 872 (1874); *United States v. Turner,* 518 F.2d 14, 15 (7th Cir. 1975). The Supreme Court in *Ex parte Lange, supra,* described this constitutional principle as follows:

> If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offence, or to bring the party within the jurisdiction of more than one

1. The Honorable J. Smith Henley, United States Circuit Judge, sitting by designation in the Eastern District of Arkansas.

2. While on parole appellant, along with accomplices, committed a burglary of a store and took approximately thirty thousand dollars' worth of Indian jewelry, from which he received about five thousand dollars.

court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.

*Id.* at 168. In addition, the concept of prohibition against double punishment was more recently reaffirmed in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in which the Supreme Court held that the constitutional guarantee against exposure to double jeopardy "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* at 718–19, 89 S.Ct. at 2077 (footnote omitted). *See also United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

*North Carolina v. Pearce, supra,* contrary to the government's contention, does not render the bar against double jeopardy inapplicable to the instant case. The Supreme Court in *Pearce* held that the guarantee against double jeopardy does not restrict the length of a sentence upon reconviction. The Court emphasized that its decision "rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." 395 U.S. at 721, 89 S.Ct. at 2078. *Pearce,* therefore, is distinguishable from the facts in the instant case in that Durbin has neither sought nor acquired a nullification of his bank robbery conviction.

Furthermore, we do not believe that appellant's motion to vacate or correct his sentence should constitute a waiver of his right not to be twice punished for the same offense. *See Green v. United States,* 355 U.S. 184, 191–98, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).[3] Waiver usually represents some form of knowing relinquishment of a right. *Cf. Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Appellant, without notice that his sentence might be increased, petitioned the district court pursuant to *United States v. Tucker,* 404 U.S. 443, 446–49, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), for "reconsideration" of his sentence in light of his constitutionally void Dyer Act conviction.[4] To condition Durbin's attack upon his sentence on a coerced surrender of a valid claim of double jeopardy would create a dilemmatic unfairness that conflicts with the underlying nature of the constitutional bar against double jeopardy. To hold otherwise would cast a chill upon the exercise of fundamental constitutional rights. *See United States v. Jackson,* 390 U.S. 570, 582, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). *See also Griffin v. California,* 380 U.S. 609, 610–15, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

It should also be noted that we are not confronted with a situation in which a sentencing judge originally imposed a wholly illegal or completely void sentence. *See United States v. Turner,* 518 F.2d 14, 16 (7th Cir. 1975). *Cf. Bozza v. United States,* 330 U.S. 160, 165–67, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *United States v. Solomon,* 468 F.2d 848, 850–52 (7th Cir. 1972), *cert. denied,* 410 U.S. 986, 93 S.Ct. 1513, 36 L.Ed.2d 182 (1973) (correction of illegal sentences proper even though sentences were in-

---

**3.** In *Green* the Supreme Court recognized that an individual's initiation of an appeal does not waive his constitutional defense of former jeopardy to a second prosecution. *But cf. Murphy v. Massachusetts,* 177 U.S. 155, 160–63, 20 S.Ct. 639, 44 L.Ed. 711 (1900).

**4.** When a state has enacted a statutory procedure, under which a defendant may petition for review of his sentence on grounds of excessiveness, some courts have held that the defendant is not placed in double jeopardy if the reviewing court increases the sentence. *See Robinson v. Warden, Maryland House of Correction,* 455 F.2d 1172, 1174–76 (4th Cir. 1972); *Walsh v. Picard,* 446 F.2d 1209, 1211–14 (1st Cir.

1971), *cert. denied,* 407 U.S. 921, 92 S.Ct. 2465, 32 L.Ed.2d 807 (1972). *Cf. Tipton v. Baker,* 432 F.2d 245, 248–50 (10th Cir. 1970); *Marano v. United States,* 374 F.2d 583, 586 (1st Cir. 1967). The statutory review cases, however, are factually distinguishable on the basis that such statutes provide for sentence review not otherwise available and not constitutionally mandated, and under which waiver implications exist. In the instant case, appellant's original sentence was erroneous to the extent it was founded upon misinformation of a constitutional magnitude. *See discussion, Walsh v. Picard, supra,* 446 F.2d at 1211. *Cf.* Fed.R.Crim.P. 35.

creased as a result). Increases of void sentences have been permitted ·on the basis that a defendant should not be allowed to escape punishment altogether because of an inadvertent error. *See, e. g., Bozza v. United States, supra,* 330 U.S. at 166, 67 S.Ct. 645. Durbin, rather than escaping punishment because of an inadvertent error at his original sentencing, was exposed to an enhanced sentence because of a prior conviction subsequently found constitutionally invalid.

In summary, appellant's original sentence established a maximum confinement which could not be augmented. *See Ex parte Lange, supra,* 85 U.S. (18 Wall.) at 168. *See also United States v. Benz,* 282 U.S. 304, 308–11, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *Sullens v. United States,* 409 F.2d 545, 547–48 (5th Cir. 1969). The district court's extension of Durbin's original 12-year sentence to 15 years resulted in a violation of the ban against double jeopardy.

■ In any event, to decide that a trial judge cannot increase a sentence after a defendant has commenced to serve it is not to hold that a judge upon resentencing is precluded from considering events subsequent to the original sentencing. *See North Carolina v. Pearce, supra,* 395 U.S. at 723–24, 89 S.Ct. 2072; *Mitchell v. United States,* 482 F.2d 289, 297 (5th Cir. 1973).

*Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949), clearly recognizes the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." In other words, a trial judge is not prohibited from resentencing in light of events subsequent to the original sentencing that may throw new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." *Id.* at 245, 69 S.Ct. at 1082.

■ The rationale for allowing consideration of subsequent events upon resentencing is thoroughly grounded in the wide discretion and prerogative accorded trial judges in making a sentencing determination. *See, e. g., United States v. Tucker,*

*supra,* 404 U.S. at 446–47, 92 S.Ct. 589. In sentencing the court may conduct a broad inquiry into the defendant's background, generally unlimited in both the source and type of information. *See Woosley v. United States,* 478 F.2d 139, 143 (8th Cir. 1973). *See also United States v. Haygood,* 502 F.2d 166, 169 (7th Cir. 1974), *cert. denied,* 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812 (1975); *United States v. Trigg,* 392 F.2d 860, 864 (7th Cir. 1968). For example, the court may consider the defendant's character, past life. and habits, age, health, and also his reaction to prior punishment. *See generally* 2 C. Wright. & A. Miller, *Federal Practice and Procedure* § 526 (1969).

■ Nevertheless, if a sentencing judge is to rely upon events occurring subsequent to the original sentencing, requirements of due process prohibit any vindictiveness against a defendant for having successfully attacked his original sentence. *See North Carolina v. Pearce, supra,* 395 U.S. at 723–26, 89 S.Ct. 2072. In order to comply with due process, the record must reflect that the court based the sentence upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce, supra,* 395 U.S. at 726, 89 S.Ct. at 2081.

■ The record in the instant case clearly reflects that the trial court's imposition of sentence was devoid of any vindictiveness. In assessing the 15-year sentence, the district court placed express reliance upon appellant's participation in a burglary of a store while he was on parole. The court also noted that Durbin had served a period of incarceration from 1965 until 1969; that neither this confinement nor the restraints of parole had deterred him from engaging in criminal activity; that he had experienced financial problems concerning certain "hot checks;" and concluded that Durbin, in view of his recent criminal activity, might commit further criminal acts. Accordingly, the sentence, being based on objective information and identifiable conduct, fully complies with due process.

In conclusion, it was within the discretion of the district court to consider events occurring subsequent to appellant's original sentencing. However, because of the ban against double jeopardy, we vacate appellant's sentence to the extent that it exceeded the length of the 12-year sentence originally imposed.

Reversed.

ROSS, Circuit Judge (dissenting).

I respectfully dissent from the majority's holding that the double jeopardy clause bars the imposition of an enhanced sentence by the district court upon the facts of this case. In my view, the Supreme Court's holding in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), requires the contrary conclusion.

As the majority opinion points out, the Supreme Court's holding in *North Carolina v. Pearce* that the double jeopardy clause places no restrictions upon the length of a sentence imposed upon reconviction, was based upon the fact that " * * * the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *Id.* at 721, 89 S.Ct. at 2078. Durbin has, at his own request, sought and obtained the vacation of his sentence. The slate, as to his sentence, has been "wiped clean," and as a consequence the guarantee against double jeopardy does not bar the enhanced sentence.

The Court in *North Carolina v. Pearce* made clear that a key factor in its decision is that sentencing is meant to fit the offender and not merely the crime, and as such a sentencing judge must consider all known facts and circumstances as of the time he sentences. *Id.* at 723, 89 S.Ct. 2072. This same rationale is applicable to resentencing where only the sentence has been vacated and the underlying conviction stands. *Cf. Mitchell v. United States*, 482 F.2d 289, 297 (5th Cir. 1973).

Because in my opinion the double jeopardy clause does not bar the enhanced sentence, and because I concur in the majority's holding that the district court complied with the due process requirements applicable where a district court imposes an enhanced sentence following an appeal, *North Carolina v. Pearce, supra,* 395 U.S. at 726, 89 S.Ct. 2072, I would affirm the judgment of the district court.