Julian P. TURNER, a/k/a William Coleman, a/k/a Willy Joseph Spotman, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5383.

Supreme Court of Wyoming.

March 2, 1981.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender, Laramie, Gerald M. Gallivan, Director, Wyoming Defender Aid Program; and Charles S. Chapin, Student Intern, Wyoming Defender Aid Program, Laramie (argued), on brief, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and John W. Renneisen, Asst. Atty. Gen., Cheyenne (argued), on brief, for appellee.

Before ROSE, C. J., McCLINTOCK, THOMAS and ROONEY, JJ., and GUTHRIE, J.,* Retired.

ROONEY, Justice.

Appellant-defendant appeals from a denial by the district court of his motion to correct an alleged illegal sentence. Since we find the sentence to have been legal, we affirm.

Appellant was convicted of two counts of first-degree murder and was sentenced to death on each count, the sentences to run concurrently. On a previous appeal (see *Cloman v. State*, Wyo., 574 P.2d 410 (1978)), this court remanded the case for resentencing pursuant to § 6–54(e), W.S. 1957, Cum.Supp.1975,[1] inasmuch as the

---

1. Section 6–54(e), W.S.1957, Cum.Supp.1975, which was in effect on the date the verdict was returned against appellant read:

"Upon conviction of murder in the first degree, if the offense does not involve a course

of conduct as described in subsection (b) of this section, the person convicted shall be sentenced to imprisonment for life."

* Guthrie, J., Retired, filed a specially concurring opinion.

mandatory death sentence imposed pursuant to § 6–54(b), W.S.1957, Cum.Supp.1975, had recently been held unconstitutional in *Kennedy v. State*, Wyo., 559 P.2d 1014 (1977). The district court then resentenced appellant to life imprisonment on each of the two counts, the sentences to run consecutively.

Appellant words the issues presented by him on this appeal as follows:

"I. May Appellant's sentence be increased, on resentencing, where the record fails to reflect objective information concerning identifiable conduct on the part of the Appellant occurring after the time of the original sentencing proceeding.

"II. Whether the trial court, upon resentencing, increased the Appellant's sentence when it ordered that two prison terms, as amended on appeal, be served consecutively, rather than concurrently, i. e. when it imposed two consecutive life sentences."

Addressing the second issue first, we note that theoretically neither two life sentences nor two death sentences can run consecutively. One can die only once, and one's life has only one span. Practically, experience dictates that on very rare occasions the governor grants a reprieve from a death sentence. To be effective, such reprieve would have to be to both of the two death sentences, whether to run concurrently or consecutively, and the reprieve almost uniformly converts the death sentence to a life sentence. The practical aspect of serving a life sentence, in Wyoming at least, is that, on occasion, the Parole Board recommends to the governor, after 15 to 25 years of the sentence has been served, a commutation of a life sentence to a term of years, such as 75 to 85 years. The governor usually accepts the recommendation. Good time allowance then starts running for the prisoner, and he could be released after serving 35 to 50 years. If he has a second life sentence to serve consecutively, he is released to it, and the process starts over—with hopes of an eventual release. If the second life sentence were imposed to run concurrently, the date of potential release would be much earlier than if it were to run consecutively. Appellant, thus, would have a substantial practical benefit if he prevailed in this appeal.

■ To prevail, he must establish the fact that two death sentences to run concurrently—or even one—is not as severe as two sentences of life imprisonment to run consecutively. He fails to do so. Life is precious. Appellant's position in his first appeal was an effort to avoid the ultimate in sentences—death. The sentence of death is reserved in our criminal code for the most serious of crimes. Because of its severity, special review procedures and criteria have been mandated with reference to its imposition. See §§ 6–4–102 and 6–4–103, W.S. 1977.

■ But appellant argues that the change in a sentence from concurrent to consecutive is, ipso facto, an increase in severity. Such is true if the *same* sentence is changed from concurrent to consecutive. But it cannot be argued, for example, that a sentence of two years on each of two counts to be served consecutively is more sever than a sentence of 15 years on each of two counts to be served concurrently. The converse, i. e., change of sentence to death from a previous sentence of life imprisonment, *is* an enhancement of sentence. See *People v. Henderson*, 60 Cal.2d 482, 35 Cal. Rptr. 77, 386 P.2d 677 (1963); and *State v. Wolf*, 46 N.J. 301, 216 A.2d 586 (1966). Such an enhancement is a violation of due process of law unless it is:

" * * * based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. * * * " *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969).

■ Appellant argues that he has been subject to double jeopardy by virtue of the resentence. Double jeopardy is present when multiple punishments are imposed for a single offense. *North Carolina v. Pearce*,

supra. Such is done when a sentence is *increased* by the court sua sponte after the defendant has begun to serve it. *Sullens v. United States*, 5 Cir. 1969, 409 F.2d 545. But double jeopardy is not a bar to the imposition of a more severe punishment upon resentencing a defendant who was successful in having his original sentence set aside. *Murphy v. Massachusetts*, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711 (1900); *Tipton v. Baker*, 10 Cir. 1970, 432 F.2d 245; *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978); *North Carolina v. Pearce*, supra.

Appellant's contentions were considered and refused by the Tenth Circuit Court of Appeals in a case in which the situation was similar to that of this case. The court there concluded:

" * * * We accordingly conclude that the imposition of the consecutive life sentences upon resentencing [after consecutive death sentences were held improper] did not violate appellant's right against double jeopardy." (Bracketed material supplied.) *Gillihan v. Rodriguez*, 10 Cir. 1977, 551 F.2d 1182, 1191.

Inasmuch as appellant's sentences were not increased upon resentence, we need not consider the first issue raised by him in this appeal.

Affirmed.

RODNEY M. GUTHRIE, Justice, Retired, specially concurring.

I concur with the opinion but am unable to resist some comment.

Although it appears to the writer to be open and obvious that there is no way of enhancing a death penalty, because it has been asserted with some apparent sincerity, I cannot resist repeating the words of Justice Brennan appearing in his concurrence in the case of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 2751, 33 L.Ed.2d 346 (1972):

"The only explanation for the uniqueness of death is its extreme severity. Death is today an unusually severe punishment, unusual in its pain, in its finality, and in its enormity. No other existing punishment is comparable to death in terms of physical and mental suffering. * * * "