# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3817

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Dorrell Emmanuel King, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 18, 2012
Filed: September 7, 2012

_____

Before LOKEN and BEAM, Circuit Judges, and PERRY,[*] District Judge.

_____

LOKEN, Circuit Judge.

Dorrell King pleaded guilty to violating 18 U.S.C. § 2113(a) by robbing two banks less than four years after being released from federal prison for a six-month crime spree in which he robbed fourteen banks in six different States. At sentencing, the government moved for an upward departure because, had the fourteen robberies not been prosecuted in a single proceeding, King would have warranted a career-offender enhancement under U.S.S.G. § 4B1.1(a). The government urged a career-

_____

[*]The Honorable Catherine D. Perry, Chief Judge of the United States District Court for the Eastern District of Missouri, sitting by designation.

offender advisory guidelines range of 151-188 months in prison. The district court[1] imposed an upward departure under U.S.S.G. § 4A1.3(a)(1) for a substantially under-represented criminal history but rejected the government's requested range, instead determining that a criminal history category of VI and an offense level of 23 yielded an advisory guidelines range "applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." § 4A1.3(a)(4)(A). This produced an advisory range of 92-115 months. The court sentenced King to 108 months in prison.

King subsequently moved to vacate his sentence under 28 U.S.C. § 2255, alleging that counsel failed to appeal the sentence despite King's instructions to do so. After an evidentiary hearing, the district court vacated the sentence. At the resentencing hearing, the government again requested an upward departure under § 4A1.3 to the career-offender range of 151-188 months in prison. The district court again granted the motion in part and departed upward to criminal history category VI and offense level 23, resulting in an advisory range of 92-115 months. Noting that "the only reason that we're having this resentencing" is "to allow Mr. King to have an appeal," the court considered the 18 U.S.C. § 3553(a) sentencing factors and again sentenced King to 108 months in prison. King appeals that sentence. We affirm.

On appeal, King asserts that our decision in United States v. Durbin, 542 F.2d 486, 487-89 (8th Cir. 1976), established that any sentence more harsh than his original 108-month sentence would have violated the Fifth Amendment's prohibition against double jeopardy -- because there was neither a new trial nor a reconviction – and his right to due process -- because there were no aggravating circumstances so a harsher sentence would be unconstitutionally vindictive. Therefore, he argues, even though a harsher sentence was not imposed, the district court committed procedural error

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

under <u>Gall v. United States</u>, 552 U.S. 38 (2007), by even considering the government's request for a career-offender range, and then considering the top of the guidelines range the court determined, 115 months. This error, he suggests, "may have prevented the court from granting [him] any consideration for his efforts at rehabilitation since the original sentencing," as allowed by <u>Pepper v. United States</u>, 131 S. Ct. 1229, 1241 (2011).

Though creative, we conclude this argument fails. We doubt the Double Jeopardy Clause as construed in <u>Durbin</u> applies when a defendant is resentenced for the purpose of allowing an out-of-time direct appeal, because this court and other circuits construe more recent Supreme Court decisions as establishing that the Double Jeopardy Clause does not prohibit imposing a greater sentence after either party successfully appeals the initial sentence. <u>United States v. Evans</u>, 314 F.3d 329, 333 (8th Cir. 2002), <u>cert. denied</u>, 539 U.S. 916 (2003). In any event, there was no double jeopardy or due process error here because the district court did not impose a harsher sentence. <u>See</u> <u>United States v. Arrington</u>, 255 F.3d 637, 639 (8th Cir.) (a defendant "cannot make out a claim of vindictiveness" if a more severe sentence was not imposed), <u>cert. denied</u>, 534 U.S. 1049 (2001). And the district court committed no error in considering but declining to impose a harsher sentence because, depending upon the circumstances, a harsher sentence may be both warranted and constitutionally permitted.

When resentencing follows a successful § 2255 motion based on counsel's failure to appeal, "the prescribed procedure is for the district court to vacate the sentence and then reimpose it." <u>United States v. Prado</u>, 204 F.3d 843, 845 (8th Cir.), <u>cert. denied</u>, 531 U.S. 1042 (2000). That is precisely what the district court did in this case, taking care to again consider the § 3553(a) factors because the guidelines are now advisory and <u>Pepper</u> confirms that the defendant's post-sentencing conduct may be relevant in determining a substantively reasonable sentence.

King further argues that the district court committed procedural error in imposing a § 4A1.3 departure because, in "moving incrementally down the sentencing table" from offense level 21 to 23, as § 4A1.3(a)(4)(B) prescribes, the court did not sufficiently explain why it bypassed offense level 22. We decline to consider this issue because it was not properly preserved by a timely objection in the district court, which would have given the court an opportunity "to clarify its comments or to correct any potential error in the first instance." United States v. Mejia-Perez, 635 F.3d 351, 354 (8th Cir. 2011) (quotation omitted).[2]

The judgment of the district court is affirmed.

_____

---

[2]We note, too, that the district court at resentencing expressly weighed the 18 U.S.C. § 3553(a) factors and stated that it "would impose the same sentence based on consideration of [§ 3553] even if it had not departed upward under section 4A1.3."