NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0188n.06

No. 13-6637

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 10, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| PATRICK MILLER, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BATCHELDER and WHITE, Circuit Judges; COX, District Judge.[*]

PER CURIAM.  Patrick Miller, a federal prisoner, appeals the sentence imposed for his conviction of conspiring to distribute cocaine base.  Miller entered a guilty plea to this charge and was sentenced to the 120-month statutory mandatory minimum sentence in effect as of the date of his sentencing, June 4, 2010.  Miller later filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, arguing in part that his counsel was ineffective in failing to file a notice of appeal at his request.  The district court granted the motion in part, vacated the original judgment, and reimposed the same sentence, also filing a notice of appeal on Miller's behalf.

Before this court, Miller argues that the failure to apply the Fair Sentencing Act (FSA) to his sentence violates the Eighth Amendment and the Due Process and Equal Protection Clauses of the Constitution.  He acknowledges that we rejected these arguments in *United States v.*

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Blewett*, 746 F.3d 647, 658–60 (6th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 1779 (2014), but states that he wishes to preserve these issues for further review.

Miller also argues that, because his sentence was reimposed after the August 3, 2010, enactment of the FSA, the Act should apply in his case. Again, he acknowledges that this court has held that the district court must use the pre-FSA penalties when resentencing on remand where the original sentence was imposed prior to the Act's effective date. *See United States v. Hughes*, 733 F.3d 642, 645 (6th Cir. 2013). His reliance on *United States v. King*, 691 F.3d 939, 941 (8th Cir. 2012), is unpersuasive, as the court there held that reimposition of the sentence was the proper remedy where a motion to vacate is granted to allow for the filing of an appeal. The Eighth Circuit noted that post-sentencing conduct could be considered, but Miller is not making that argument.

Accordingly, as this court's precedent indicates that the reimposition of the original sentence was proper in this case and does not offend the Constitution, we affirm the district court's judgment.